FILED'09 SEP 22 10:30USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD R. WILSON,

     Plaintiff,

Civil No. 08-3108-CL

**Report & Recommendation**

     v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Commission,

     Defendant.

CLARKE, Magistrate Judge.

Plaintiff Donald R. Wilson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for Social Security Disability Insurance (SSDI) benefits. For the several reasons set forth below, the decision of the Commissioner should be affirmed.

## I.    Background

Plaintiff was born on October 20, 1961, and was 46 years of age on the date of the ALJ's unfavorable decision. (Tr. 16.) He has a high school education. His last job was in 2000 when he worked for Mayflower Storage. (Tr. 178.) He also has past relevant work as a roofer, carpenter, mover, and storage handler. (Tr. 16, 120, 180.)

Report & Recommendation - 1

The record detailing Plaintiff's impairments begins in January 2005. On January 18, 2005, he saw Dr. Casey for complaints of shoulder pain. Dr. Casey described him as a "healthy 43 year old Native American man." (Tr. 182.) On October 10, 2005, Plaintiff underwent surgery and was diagnosed with bilateral shoulder arthritis in acromioclavicular joints. (Tr. 186.) On March 15, 2006, he had an MRI at the request of Dr. Tackey from the Klamath Rheumatolgy Associates. This MRI showed right knee early osteoarthritis of the patellofemoral joint and left knee osteoarthritis of the medial joint with chronic tendonitis of the patellar tendon. (Tr. 354-59.) On December 20, 2007, Dr. Bury determined that he had perforated both of his ear drums. (Tr. 370.) Plaintiff has also complained of bilateral wrist and hand pain related to carpal tunnel. (Tr. 12.)

In addition, Plaintiff has complained of back pain, though the record indicated that he has normal neurological and orthopedic findings. (Tr. 12.) At his April 2008 hearing, he commented that he was waiting to hear from one of his doctors about a potential back surgery. However, no treatment notes mention an upcoming surgery. (Tr. 12.)

Plaintiff alleges disability beginning on January 1, 2001, because of his shoulders, a head injury, his lower back, memory loss, his left arm, his left hand, and problems with his left ear. (Tr. 119.) The Social Security Administration (SSA) issued its initial denial on April 21, 2006, and its denial on reconsideration on September 28, 2006. (Tr. 9.) Upon requesting a hearing, Plaintiff appeared and testified at hearings held on November 8, 2007, along with the vocational expert ("VE") Frances P. Summers. He also testified at an additional hearing on April 10, 2008. The ALJ issued his unfavorable decision denying Plaintiff benefits on May 30, 2008. (Tr. 9.)

Report & Recommendation - 2

## II.    Standards

This Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court considers the record as a whole and weighs "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

Report & Recommendation - 3

### III.    Commissioner's Decision

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).  In the present case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the filing of his supplemental security income application on February 22, 2006.  (Tr. 11.)

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  If the Commissioner finds no medically severe impairment, the claimant is deemed not disabled.  If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three.  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  Here, the ALJ found that Plaintiff had the following severe impairments: bilateral shoulder arthritis in acromioclavicular joints, as shown on operative and radiographic reports; right knee early osteoarthritis of the patellofemoral joint and left knee osteoarthritis of the medial joint with chronic tendonitis of the patellar tendon, as shown on MRI scans; bilateral ear drum perforation; and alcohol abuse, reported in remission.  (Tr. 12.)

Report & Recommendation - 4

Accordingly, the inquiry moved to step three.

Step three focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. In this case, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or equals one of the listed impairments. (Tr. 13.)

In step four, the Commissioner determines whether the claimant has the residual functional capacity (RFC) to perform his "past relevant work." 20 C.F.R. § 404.1560(a). The RFC is based on all relevant evidence in the case record, including the treating physician's medical opinions about what an individual can still do despite impairments. SSR 96-8p. "Past relevant work" refers to work that "was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a). It does not consider "off-and-on" work during that period. Id. If claimant can perform past relevant work, then the Commissioner finds the claimant "not disabled." If he cannot perform past relevant work, the inquiry advances to step five. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The ALJ found that the Plaintiff has the following exertional and nonexertional limitations:

> The claimant's physical capacity allows for lifting and carrying up to 10 pounds frequently and 20 pounds occasionally. He can sit for 6 hours, stand for 4 hours and walk for 3 hours in an 8-hour workday. He can frequently use hands for all activities, but overhead work or throwing actions should be avoided. Use of foot controls, bilaterally, is also frequent. He should not climb ladders or scaffolds.

Report & Recommendation - 5

> Balancing, kneeling, crouching and crawling is occasional. Stooping can be
> frequent. The claimant can hear and understand simple oral instructions and
> communicate simple information. The claimant should not be exposed frequently
> to unprotected heights, moving mechanical parts, extremes in temperature or dust,
> chemicals and fumes. Frequent lifting and bending should be avoided.

(Tr. 13.) The ALJ found that the claimant could not perform past relevant work in his past jobs, which required heavy to very heavy exertion. (Tr. 16.)

In step five, the burden is on the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). If the Commissioner fails to meet this burden, then the claimant is deemed disabled. Here, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. (Tr. 17.) He determined that Plaintiff was not disabled since the filing of his claim on February 22, 2006. (Tr. 17.)

## IV.    Discussion

Plaintiff asserts that the ALJ's decision should be reversed and remanded for benefits because it is not supported by substantial evidence and because it is based on the application of improper legal standards. Plaintiff argues that:

(1)    the ALJ did not give the opinion of treating nurse practitioner Andrew Hughes appropriate weight.

(2)    the ALJ improperly rejected the opinion of Mr. Hughes, or in the alternative, did not appropriately consider his opinion under the required factors.

(3)    the ALJ committed reversible error in failing to re-contact Plaintiff's treating provider Mr. Hughes.

Report & Recommendation - 6

**A.     The ALJ Gave Mr. Hughes' "Other" Medical Source Opinion**

**Appropriate Weight, Properly Considered It, and Properly Rejected It**

Plaintiff argues that the ALJ erred by "failing to accord adequate weight to the opinion of claimant's treating source." (Pl.'s Mem. 2.) Defendant argues that Plaintiff's treating source is a Family Nurse Practitioner and thus cannot be a "treating source" by SSA definition. "Because Mr. Hughes is a family nurse practitioner, his opinion is not weighted as that of an acceptable medical source opinion, but as an 'other' medical source." (Def.'s Br. 8.)

**1.     Distinction Between an Acceptable Medical Source and Other Source**

"Acceptable medical sources" include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1513(a). For purposes of the disability determination, making a distinction between acceptable medical sources and other medical sources is important for three reasons. First, evidence from acceptable medical sources is necessary to establish the existence of a medically determinable impairment. Second, only acceptable medical sources can give medical opinions. Third, only acceptable medical sources can be considered treating sources as defined by statute whose medical opinions maybe given controlling weight. SSR 06-03p at *2; 20 C.F.R. §§ 404.1513, 404.1527. "Making a distinction between 'acceptable medical sources' and medical sources who are not 'acceptable medical sources' facilitates the application of our rules on establishing the existence of an impairment, evaluating medical opinions, and who can be considered a treating source."

Evidence from "other sources" may be used to show the severity of the individual's impairments and how it affects his ability to function. SSR 06-03p at *2. These sources include

nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists. Id.; 20 C.F.R. § 404.1513(d)(1). "Information from these 'other sources' cannot establish the existence of a medically determinable impairment. . . . However, information from such 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p at *2.

Social Security Regulations provide guidance in considering how much weight to give opinions from "other sources." Such evaluation is case specific. Factors the ALJ may consider include, "how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion, whether the source has a specialty or area of expertise related to the individual's impairment(s); and any other factors that tend to support or refute the opinion." Id. at *4-5.

At a minimum, an ALJ should treat these medical professionals' opinions with as much consideration as a lay witness and give reasons supported by substantial evidence for rejecting it. Vincent on behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir 1984). The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d); 404.1545(a)(3); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

### 2. Mr. Hughes Is Not an Acceptable Medical Source and the ALJ Appropriately Considered His Opinion

Mr. Hughes, as a family nurse practitioner, is not an acceptable medical source and cannot be considered a "treating source" and receive controlling weight. 20 C.F.R. §§ 404.1513,

404.1527. The ALJ did not err when he determined his opinion did not warrant controlling weight of a treating physician.

The ALJ, however, is still required to give substantial evidence if he rejects Mr. Hughes' opinion, and he did. The ALJ explained that Mr. Hughes' opinion was inconsistent with acceptable medical sources and Plaintiff's own testimony.

Mr. Hughes opined in his RFC that Plaintiff should be limited to no work on a full-time basis. (Tr. 14.) The ALJ explained, "his assessment is at odds with every physician's residual capacity assessment." (Tr. 14.) Specifically, Dr. Casey reported on November 21, 2005, that Plaintiff had full range of motion in his left shoulder. Dr. Casey told Plaintiff that he could go back to work but needed to avoid heavy lifting. (Tr. 195.)

The ALJ chose to adopt the most restrictive RFC from Dr. Bury, and even this was less restrictive than Mr. Hughes' opinion. (Tr. 13.) Dr. Bury restricted Plaintiff from climbing ladders and scaffolds with only occasional lifting or carrying of 10 lbs. Dr. Bury did not opine that Plaintiff was unable to work. (Tr. 376.)

The ALJ further noted that Mr. Hughes' proscribed limitations of reaching were inconsistent with Plaintiff's assertions that he could ride a bike, drive a motorcycle, and work in a garden. (Tr. 14.)

Plaintiff argues that the ALJ did not appropriately consider all the relevant factors when he evaluated Mr. Hughes' opinion such as how long the source has known the plaintiff, how frequently he has seen the plaintiff, how consistent the opinion is with other evidence, how well the opinion is supported by relevant evidence, how well the source explains his opinion, whether the source has a specialty or area of expertise, and any other factors that support the opinion. See

Report & Recommendation - 9

20 C.F.R. § 404.1527(d); SSR 06-03p *4-5.

While Plaintiff is correct in pointing to these factors, the ALJ is not bound to evaluate each one explicitly. Regulations explain, "[n]ot every factor for weighing opinion evidence will apply in every case." SSR 06-03p *5. Here, the ALJ considered how consistent Mr. Hughes' opinion was with other evidence, and he applied the appropriate standard. The ALJ provided substantial evidence to reject Mr. Hughes' opinion.

**B.      The ALJ Did Not Err in Failing to Re-Contact Mr. Hughes**

Plaintiff argues that the ALJ erred in not re-contacting Mr. Hughes to develop the record. "'In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and assure that the claimant's interests are considered.' This duty exists even when the claimant is represented by counsel." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)); 20 C.F.R. § 416.1444.

Remand may be necessary when the record does not contain relevant facts and history to assist the ALJ to fairly make his decision. "In deciding whether a remand is the proper remedy, we have stated that where the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate. That is, when 'further findings would so plainly help to assure the proper disposition of [the] claim, we believe that remand is particularly appropriate.'" Butts v. Barnhart, 388 F.3d 377, 385-86 (2nd Cir. 2004) (quoting Rosa v. Callahan, 168 F.3d 72, 83 (2nd Cir. 1999)). In Thorne v. Califano, 607 F.2d 218 (8th Cir. 1979), the court remanded the case because there was no opinion evidence as to whether the plaintiff was employable in 1975. Id. at 220. Remand has also been appropriate when the evidence is ambiguous or the ALJ finds that the record is inadequate for a proper evaluation.

Report & Recommendation - 10

Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing Smolen, 80 F.3d at 1288).

Though Plaintiff argues Mr. Hughes should have been recontacted, he does not provide any explanation for how the record was ambiguous or the record was inadequate for a proper evaluation. The ALJ did not err in choosing not to recontact Mr. Hughes.

**V.    Conclusion**

The ALJ's decision to deny Plaintiff's application for benefits is supported by substantial evidence. He applied the appropriate standards in evaluating Mr. Hughes's opinion and was not required to recontact him to develop the record. The ALJ's decision should be affirmed.

**VI.    Recommendation**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by October 9, 2009. If objections are filed, any responses to the objections are due within 10 days,* see *Federal Rules of Civil Procedure 72 and 6.* If no objections are filed, then the Report and Recommendation will go under advisement on that date.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Report & Recommendation - 11

DATED this __22__ day of September, 2009.



MARK D. CLARKE

United States Magistrate Judge

Report & Recommendation - 12